UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**     (IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

The Court finds this motion appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I.     INTRODUCTION

On September 2, 2015, plaintiff Dorothy Johnson ("Johnson"), proceeding *pro se*, filed the instant action against defendants Bank of America, N.A. ("Bank of America") and Does 1 through 10 (collectively, "defendants"). Dkt. 1. On October 27, 2015, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 9, which the Court granted on November 30, 2015, Dkt. 14. On December 30, 2015, plaintiff filed the operative First Amended Complaint ("FAC") in this action. Dkt. 15. The FAC asserts claims against defendants for (1) fraud; (2) misrepresentation; (3) violation of California Business and Professions Code §§ 17200, *et seq.* ("The UCL"); and (4) equitable estoppel. <u>Id.</u> In brief, plaintiff alleges that Bank of America falsified her income information on her application for a loan and that, as a result, plaintiff obtained a loan from Bank of America she could not afford.

On February 10, 2016, Bank of America filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 19. On February 22, 2016, plaintiff filed an opposition, Dkt. 21, and on February 26, 2016, Bank of America filed a reply, Dkt. 22. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

## II.   BACKGROUND

The complaint alleges the following facts:  For several years preceding September 12, 2008, plaintiff's son, Don Johnson, was the owner of real property located at 4939 La Calandria Way, Los Angeles, California 90032 (the "Subject Property").  FAC ¶¶ 3, 9. During this time, plaintiff resided in the Subject Property as a tenant.  Id. ¶ 9.  On or about September 12, 2008, plaintiff attempted to engage in a short sale transaction to purchase the Subject Property from her son.  Id. ¶ 10.  In order to finance this purchase, plaintiff worked with Alicia Muniz ("Muniz"), an agent of Bank of America, to apply for a loan.  Id. ¶ 11.  According to plaintiff, Muniz disregarded plaintiff's true income and falsified plaintiff's income information on her loan application.  Id. ¶ 15.  Specifically, Muniz stated that plaintiff's income was $11,000 per month when, in fact, plaintiff was receiving only modest social security benefits.  Id.  Plaintiff alleges that at no relevant time did Bank of America attempt to verify the income stated on her application.  Id. ¶ 19.  Moreover, plaintiff states that she was unaware of the contents of the documents being presented in her loan application.  Id. ¶ 17.  Nonetheless, plaintiff signed this loan application.  Defendant's Request for Judicial Notice ("RJN"), Ex. A.[1]  On the basis of plaintiff's loan application, on or about November 21, 2008, Bank of America approved plaintiff for a loan in the amount of $350,100.00.  FAC ¶ 16.  This loan is evidenced by a promissory note, which is also signed by plaintiff.  RJN, Ex. B.

Plaintiff alleges that, despite the income stated on her application, she could not afford to make the payments on her loan.  Compl. ¶ 20.  Accordingly, while plaintiff

---

[1] Bank of America requests that the Court take judicial notice of several documents related to plaintiff's loan: (1) plaintiff's loan application bearing plaintiff's signature and dated November 16, 2008, RJN Ex. A; (2), a promissory note, dated October 23, 2008, signed by plaintiff, and evidencing a $350,100.00 loan from Bank of America, RJN, Ex. B; and (3) a Deed of Trust, dated October 23, 2008, and recorded in the Official Records of the Los Angeles County Recorder's Office on November 20, 2008, RJN, Ex. C.  These documents are referred to in, and form the basis of the allegations in, the complaint. Moreover, the Deed of Trust is a publicly recorded document.  Accordingly, the Court may take judicial notice of these documents.  See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL   'O'   JS-6

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|---|---|---|---|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

made numerous payments towards her loan, she eventually fell into foreclosure.  Id. ¶ 21.
After plaintiff failed to make her loan payments, Bank of America initiated foreclosure
proceedings on the Subject Property.  Id.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
sufficiency of the claims asserted in a complaint.  Under this Rule, a district court
properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence
of sufficient facts alleged under a  cognizable legal theory.' "  Conservation Force v.
Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't,
901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6)
motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
provide the 'grounds' of his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do."
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must
be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all
material allegations in the complaint, as well as all reasonable inferences to be drawn
from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be
read in the light most favorable to the nonmoving party.  Sprewell v. Golden State
Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to
dismiss can choose to begin by identifying pleadings that, because they are no more than
conclusions, are not entitled to the assumption of truth.  While legal conclusions can
provide the framework of a complaint, they must be supported by factual allegations."
Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service,
572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the
non-conclusory 'factual content,' and reasonable inferences from that content, must be
plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately,
"[d]etermining whether a complaint states a plausible claim for relief will . . . be a
context-specific task that requires the reviewing court to draw on its judicial experience
and common sense."  Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL           'O'   JS-6

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|----------|------------------------|------|----------------|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   ANALYSIS

Plaintiff asserts claims against defendants for fraud, misrepresentation, and for violations of the UCL.  Bank of America argues, that each of these claims is barred by the applicable statute of limitations.  Under California law, claims for fraud and misrepresentation are governed by a three-year statute of limitations, Cal. Code Civ. Proc. § 338(d), and claims for violation of the UCL are governed by a four-year statute of limitations, Cal. Bus. & Prof. Code § 17208.  Here, all of plaintiff's claims are premised upon Bank of America's allegedly fraudulent conduct in falsifying her loan application and subsequently informing her that she qualified for and could afford her loan.  FAC ¶¶ 27, 34.  All of this conduct occurred between September and November of 2008—nearly seven years before plaintiff filed her complaint.  See Id.  Accordingly, plaintiff's claims are barred by the three and four-year statutes of limitations which govern her claims.[2]

---

[2] Plaintiff also asserts a claim against defendants for equitable estoppel.  As the Court stated in ruling on defendants' earlier motion to dismiss, "California does not recognize an independent cause of action for equitable estoppel."  Lawrence v. Wells Fargo, Bank, N.A., 2014 WL 2705425, at *13 (N.D. Cal. Jun. 13, 2014)(citing Behnke v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

Nonetheless, plaintiff argues that the Court should apply the delayed discovery rule to her claims because she claims she did not discover the existence of her claims until consulting with a lawyer in February of 2015. "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999)(internal quotation marks omitted)). But "[a]n important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 807. "[T]o rely on the doctrine of delayed discovery, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' " Zamora v. Wells Fargo Bank, 2013 WL 2319079, at *5 (N.D. Cal. May, 28, 2013) (citing Fox, 21 Cal. 4th, at 808).

Here, the complaint contains the following allegations: "Plaintiff did not discover [defendants'] misrepresentations and fraudulent actions until February of 2015 when plaintiff sough outside advice pertaining to the foreclosure of Subject Property and was informed by third parties that Plaintiff's loan application contained false information due to [defendants'] fraudulent conduct." FAC ¶ 23. These allegations are insufficient to trigger application of the discovery rule. While plaintiff's complaint arguably alleges "the time and manner of discovery"— February of 2015 after consulting with an

---

State Farm Gen. Ins. Co., 196 Cal. App. 4th 1443, 1463 (2011)). However, it appears that plaintiff is in fact asserting a claim for promissory estoppel. See Opp'n., at 10. The basis of plaintiff's estoppel claim is, like her other claims, that Bank of America made fraudulent statements in connection with her loan application process. Compl. ¶ 53; Opp'n., at 10. Because this claim sounds in fraud, it is subject to the same three-year statute of limitations as plaintiff's fraud and misrepresentation claims. See Ferguson v. JPMorgan Chase Bank, N.A., 2014 WL 2118527, at *6 (E.D. Cal. May 21, 2014) ("[T]he statute of limitations for the promissory estoppel claim in the present case is three years because the gravamen of the promissory estoppel claim is fraud.") (citing Cal Civ. Proc. Code § 338(d)). Accordingly, plaintiff's estoppel claim is also barred by the statute of limitations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'   JS-6**

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|----------|-------------------------|------|----------------|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

attorney—plaintiff has failed to plead any facts demonstrating her "inability to have made earlier discovery." See Zamora, 2013 WL 2319079, at *5 ("The plaintiff relying on delayed discovery thus bears the burden to show diligence, and conclusory allegations will not withstand dismissal.").

Moreover, the discovery rule does not apply when "plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Fox, 21 Cal. 4th, at 807. In this case, plaintiff's claims are premised almost entirely on statements contained in her loan application and agreement, both of which were signed by plaintiff. "As a party to a contract which she signed, plaintiff is charged with reading and understanding the terms of that contract or seeking assistance if she did not, including her *duty to make an independent determination* if her loan was affordable for her." Bonyadi v. CitiMortgage, Inc., 2013 WL 2898143, at *5 (C.D. Cal. Jun10, 2013) (emphasis added). Thus, even though plaintiff states she was "unaware of the contents of the documents being presented in her loan application," she had an independent duty to verify the information contained in her application to discern if it accurately reflected her monthly income. Plaintiff does not deny that she signed the documents contained in her loan application, and, therefore, the law charges her with having knowledge of and understanding the terms of her loan, which she now contends falsely stated her monthly income. See also Das v. WMC Mortg. Corp., 831 F. Supp. 2d 1147, 1158 (N.D. Cal. 2011) (finding plaintiff's claims time-barred where any fraud "should have been apparent at the time the loan documents were signed"); Conder v. Home Sav. of Am., 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010) (finding equitable tolling did not apply where any alleged violations were "objectively and reasonably apparent on the face" of the loan agreement).

Accordingly, because plaintiff has alleged no facts indicating that she could not have made earlier discovery of the facts underlying her claims, and because plaintiff is charged with having knowledge of the majority of the facts which form the basis of her claims, the Court finds that all of plaintiff's claims are barred by their respective statutes of limitations. In addition, this is the second time the Court has granted a motion to dismiss plaintiff's complaint on this exact grounds. Particularly given that, all of plaintiff's claims are time-barred, and given that plaintiff has already had an opportunity to amend her complaint, the Court finds it appropriate to dismiss plaintiff's complaint with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'   JS-6**

| Case No. | 2:15-cv-06766-CAS(KLSx) | Date | March 31, 2016 |
|----------|--------------------------|------|----------------|
| Title | DOROTHY JOHNSON V. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** Bank of America's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |